UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24900

SUZETTE MARIE PINERO,

    Plaintiff,

vs.

YOUTH CO-OP INC.,

    Defendant.

_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Suzette Marie Pinero, sues Defendant, Youth Co-op Inc., as follows:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Suzette Marie Pinero, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

2. Ms. Pinero was an employee of the Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Ms. Pinero was a non-exempt employee of the Defendant.

4. Ms. Pinero consents to participate in this lawsuit.

5. Defendant, Youth Co-op Inc., is a sui juris Florida not-for-profit corporation that was authorized to conduct and actually conducted its business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. Defendant, Youth Co-Op Inc., initiates state and federally funded workforce

development programs in Miami-Dade County by assisting employers and job seekers with employment services, labor market information, and providing training for economically disadvantaged adults, youth, dislocated workers, individuals transitioning from welfare to work, and refugees.

7. Defendant was Ms. Pinero's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. This Court has original jurisdiction over Ms. Pinero's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, et seq.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Ms. Pinero worked and was due to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

10. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Ms. Pinero.

*FLSA Jurisdictional Allegations*

11. Ms. Pinero worked as a "program specialist" for the Defendant from approximately February 1, 2024, to August 8, 2025.

12. Ms. Pinero's job duties as a "program specialist" included assisting the Career Advisors with their caseload by filing documents and speaking with customers, working on her own caseload by assisting clients to fill out paperwork for job applications and governmental assistance programs, and collecting paystubs from clients, running the Hope Florida project by interviewing individuals and placing them with Hope Navigators to complete the program, working

with the Youth with No High School Diploma between the Ages of 20 and 24 program, and working with the SNAP program doing budgets, filling out documentations, and contacting clients who were applying to or enrolled in food stamps.

13. To the extent that records exist regarding the exact dates of Ms. Pinero's employment, Defendant is believed to have such records (or the FLSA requires Defendant to make and keep these records).

14. Ms. Pinero's job duties required the regular and routine use of telephones, cellular telephones, computers, computer networking equipment, and other goods and supplies that moved through interstate commerce.

15. Ms. Pinero also regularly and recurrently exchanged communications and electronic communications with persons and entities located outside the State of Florida, including with vendors, U.S. Committee for Refugees and Immigrants (USCRI), other federal agencies and personnel, as well as by regularly and recurrently conducting electronic transmissions of emails, and online transactions.

16. Defendant regularly employed two or more employees for the relevant time who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's workforce development business an enterprise covered by and subject to the requirements imposed by the FLSA.

17. In particular, Defendant operates a workforce development business that assists individuals in filing documentation for government assistance programs, youth programs, and community services, including job readiness training, education, and support for disadvantaged

3

populations while using toner, printers, pens, paper, furniture, phone systems, telephones, computers, computer networking equipment, computer software, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

18. Defendant also communicated with its workers, government agencies, federal government agencies and program personnel, and others located outside of the State of Florida by regularly and routinely using telephones, computers, and mobile devices to transmit information through email and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

19. Defendant also engaged in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

20. Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

### FLSA Overtime Liability and Damages

21. Defendant agreed to pay Ms. Pinero $16.00 for each hour she worked for it from approximately February 1, 2024, to April 2, 2025

22. Defendant then agreed to pay Ms. Pinero $16.80 for each hour worked for it from approximately July 2025 to August 25, 2025.

4

23. Ms. Pinero regularly and routinely worked over 40 hours in one or more workweeks for Defendant.

24. The time records for Ms. Pinero are not accurate, as the Defendant instructed her not to record all the time she worked and deleted other time worked from her pay stubs.

25. Consequently, Defendant did not pay Ms. Pinero overtime wages calculated at one and a half times her regular hourly rate for all hours worked beyond 40 hours.

26. Ms. Pinero suffered damages because the Defendant did not pay her all the overtime wages she earned during the time relevant to this lawsuit.

27. Ms. Pinero retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

28. Ms. Pinero is entitled to recover from the Defendant all overtime wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Suzette Marie Pinero, demands the entry of a judgment in her favor and against Defendant, Youth Co-op Inc., after trial by jury and as follows:

a. That Ms. Pinero be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
b. That Ms. Pinero be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
c. That Ms. Pinero be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
d. That Ms. Pinero be awarded all other interest allowed by law; and
e. Award Ms. Pinero such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Suzette Marie Pinero, demands a trial by jury of all issues so triable.

Respectfully submitted this 23rd day of October 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
Counsel for Plaintiff
