UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24900-FAM

SUZETTE MARIE PINERO,

    Plaintiff,

v.

YOUTH CO-OP INC.,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Youth Co-Op Inc. ("Youth Co-op"), pursuant to Fed. R. Civ. P. 12(a)(1)(C), answers the numbered paragraphs of the Complaint filed by Plaintiff Suzette Marie Pineros ("Plaintiff" or "Pinero") and presents the following defenses:

**"PARTIES, JURISDICTION, AND VENUE"**

1. On information and belief, admitted.

2. Admitted.

3. Admitted.

4. Defendant has no knowledge of what Plaintiff consents to as regards to this case, and therefore, denied.

5. Admitted.

6. Defendant only admits that, during the relevant times, the alleged activities are within the activities that Defendant conducts. Otherwise, denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant has no knowledge of the conditions precedent alleged by Plaintiff, and therefore denied.

*"FLSA Jurisdictional Allegations"*

11. Defendant admits only that Pinero worked as a "program specialist" for the Defendant from approximately February 1, 2024 to August 8, 2025. Otherwise, denied.

12. Defendant admits only that Pienro's job duties as a "program specialist" included assisting the Career Advisors with their caseload by filing documents and speaking with customers, working on her own caseload by assisting clients to fill out paperwork for job applications and governmental assistance programs, and collecting paystubs from clients, assist clients with access to the Hope Florida Project by interviewing individuals and placing them with Hope Navigators to complete the program, working with the Youth with No High School Diploma between the ages of 20 and 24 program, and working with the SNAP program doing budgets, filling out documentations, and contacting clients who were applying to or enrolled in food stamps.

13. Admitted.

14. Admitted.

15. Defendants denies that Plaintiff regularly and recurrently exchanged communications and electronic communications with the U.S. Committee for Refugees and Immigrants ("USCRI"). Otherwise, admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Defendant admits it is subject to enterprise coverage under the FLSA.

### "FLSA Overtime Liability and Damages"

21. Defendant admits that they agreed to pay Pinero $16.00 for each hour she worked for Defendant from approximately February 1, 2024, to June 9, 2025. Otherwise, denied.

22. Defendant admits that, in June 2025, Plaintiff's rate of pay was increased to $16.64 per hour, with retroactive adjustment to January 1, 2025. Defendant further admits that Plaintiff's rate was increased again to $16.80 per hour on July 18, 2025, with retroactive adjustment to January 1, 2025. Otherwise, denied.

23. Denied.

24. Denied.

25. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 25 of Plaintiff's Complaint.

26. Denied.

27. Defendant has no knowledge about Plaintiff's counsel's retention, and therefore, denied.

28. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 37 of Plaintiff's Complaint.

### "DEMAND FOR JURY TRIAL"

29. Defendant admits that Plaintiff demands a non-jury trial.

## GENERAL DENIAL

30. Defendant denies each and every allegation of fact and conclusion of law contained in Plaintiff's Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

31. Plaintiff has been properly compensated for all of her work.

32. Defendant has at all times engaged in good-faith efforts to comply with applicable law, and with reasonable belief that it was so complying, and any violation by it, if any, was inadvertent and not willful or reckless, and consequently it is not liable for liquidated damages and application of a three-year statute of limitations is not warranted.

33. Plaintiff's claims against Defendant for unpaid overtime are barred, in whole or in part, because Defendant had established a strict, well-publicized policy and/or practice prohibiting any and all forms of improper payment, including without limitation failure to pay overtime, off-the-clock work, and improper deductions; and because Plaintiff failed or refused to invoke that policy to bring to the attention of Defendant her notion that she was not being paid properly, or to avoid harm otherwise.

34. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are *de minimis*.  Plaintiff's claims are thus barred by the *de minimis* doctrine.

35. Defendant reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

Dated: December 10, 2025.

                                              Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard, Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456


/s/ Christopher P. Hammon
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher P. Hammon*
Christopher P. Hammon

**SERVICE LIST**
*Suzette Marie Pinero v. Youth Co-Op Inc.*
*United States District Court for the Southern District of Florida*
CASE NO.: 25-CV-24900-FAM

Brian H. Pollock
brian@fairlawattorney.com
Katelyn Schickman
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Telephone:  305.230.4884

*Counsel for Plaintiff*

Method of Service:  CM/ECF

Christopher P. Hammon
christopher.hammon@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd.
Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant*

93936799.v1-OGLETREE