UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 25-24900-CIV-MORENO

SUZETTE MARIE PINERO,

    Plaintiff,

vs.

YOUTH CO-OP INC.,

    Defendant.
_____/

## SCHEDULING ORDER SETTING TRIAL

THIS COURT issues this order in accordance with Local Rule 16.1. The parties shall comply with the following deadlines.

| | |
|---|---|
| Selection of a mediator to be completed no later than: | December 30, 2025 |
| Deadline to join additional parties or to amend pleadings: | January 13, 2026 |
| In the unlikely event that experts are needed, disclosure of experts' names and their reports are required at least 30 days before the discovery deadline.<br><br>Deadline to complete all discovery (including expert discovery): | April 13, 2026 |
| Deadline for the filing of all motions for summary judgment: | April 27, 2026 |
| Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions): | June 8, 2026 |
| Mediation to be completed no later than: | June 8, 2026 |
| Plaintiff's witness and exhibit lists: | July 22, 2026 |
| Defendant's witness and exhibit lists: | July 24, 2026 |
| Pretrial stipulations to be filed by: | July 28, 2026 |
| Calendar Call at 10:00 a.m., Wilkie D. Ferguson U.S. Courthouse, Courtroom 12-2, 400 North Miami Avenue, Miami, FL 33128: | August 4, 2026 |

| Trial set for the two-week period commencing: | August 10, 2026 |
|---|---|

    Pursuant to Federal Rule of Civil Procedure 40, this action is at issue. It is **ADJUDGED** that the parties shall comply with the following trial management procedures:

    (1)    **Pretrial Conference** – The Pretrial Conference allowed under Federal Rule of Civil Procedure 16(a) and required by Local Rule 16.1.C, shall take place immediately following Calendar Call only if requested by the parties in advance. If the parties do not request a pretrial conference in advance of Calendar Call, then no pretrial conference will be held.

    (2)    **Plaintiff's Witness and Exhibit Lists** – Plaintiff shall electronically upload onto the case docket a copy of Plaintiff's Witness List and a copy of Plaintiff's Exhibit List no later than **Wednesday, July 22, 2026, at 5:00 p.m.**

    (a) **Plaintiff's Witness List** - Plaintiff's Witness List shall include all the witnesses, both lay and expert, that Plaintiff intends to call at trial. Plaintiff's Witness List shall briefly describe the nature of each witness' testimony and whether such witnesses will be testifying live or by deposition. Witnesses omitted from the list will not be allowed at trial.

    (b) **Plaintiff's Exhibit List** - Plaintiff's Exhibit List shall include the exhibits that Plaintiff intends to use at trial. Plaintiff's Exhibit List shall in consecutively numbered paragraphs adequately describe the nature of each document listed. The actual exhibits shall be pre-marked with corresponding numbers (*e.g.* Plaintiff's Exhibit #1, Plaintiff's Exhibit #2, *etc.*) which numbers they will retain through the end of trial. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Plaintiff reserves the use of any other relevant evidence*. Exhibits omitted from the list will not be allowed at trial.

    (3)    **Defendant's Witness and Exhibit Lists** – Defendant shall electronically upload onto the case docket a copy of Defendant's Witness List and a copy of Defendant's Exhibit List no later than **Friday, July 24, 2026, at 5:00 p.m.**

    (a) **Defendant's Witness List** - Defendant's Witness List shall include only those additional lay and expert witnesses not included on Plaintiff's Witness List. Witnesses listed by Plaintiff will be available for both parties and should not be

re-listed on Defendant's Witness List. Defendant's Witness List shall briefly describe the nature of each additional witness' testimony and whether such witnesses will be testifying live or by deposition. Witnesses omitted from Defendant's Witness List and not listed on Plaintiff's Witness List will not be allowed at trial.

(b) **Defendant's Exhibit List** - Defendant's Exhibit List shall include only those additional exhibits that Defendant wishes to introduce at trial which are not on Plaintiff's Exhibit List. Defendant's Exhibit List shall in consecutively numbered paragraphs adequately describe the nature of each document listed. The actual exhibits shall be pre-marked with corresponding numbers (*e.g.* Defendant's Exhibit #1, Defendant's Exhibit #2, *etc.*) which numbers they will retain through the end of trial. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Defendant reserves the use of any other relevant evidence*. Exhibits omitted from Defendant's Exhibit List and not listed on Plaintiff's Exhibit List will not be allowed at trial.

(4) **Pretrial Stipulation** – Pursuant to Local Rule 16.1.E, the parties shall file a Pretrial Stipulation no later than **Tuesday, July 28, 2026**. The Pretrial Stipulation shall conform to the requirements of Local Rule 16.1.E. The parties shall attach to the Pretrial Stipulation copies of the witness and exhibit lists along with any objections allowed under Local Rule 16.1.E.9. A pending motion for continuance shall not stay the requirement for filing of a Joint Pretrial Stipulation.

(5) **Continuance / Settlement** – To the extent that the parties request modification of any date in this Court's Scheduling Order, the parties shall file either a *Motion to Continue Trial* or a *Motion to Continue Pretrial Deadlines*. A stipulation of settlement must also be in writing. *See* Local Rule 7.1.4. Unless the Court grants the motion in writing, counsel must appear at the Calendar Call.

(6) **Motions** – When submitting motions, the parties shall submit a proposed order only for those motions listed in Local Rule 7.1.A.1.

(7) **Depositions** – Depositions are limited to seven hours during one day absent court order or agreement of the parties and any affected non-party witnesses. *See* Local Rule 26.1K.

3

(8) **Summary Judgment** – The practice of filing multiple motions for partial summary judgment which are collectively intended to dispose of the case (as opposed to one comprehensive motion for summary judgment) in order to evade memorandum page-limitations is specifically prohibited. *See Administrative Order 97-06* (S.D. Fla. Jan. 31, 1997) (amending Local Rule 7.1.C.2).

DONE AND ORDERED in Chambers at Miami, Florida, this 15 of December 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record