UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24900-MORENO/D'ANGELO

SUZETTE MARIE PINERO,

    Plaintiff,

vs.

YOUTH CO-OP INC.,

    Defendant.

_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL OF CASE WITH PREJUDICE

Plaintiff, Suzette Marie Pinero, and Defendant, Youth Co-Op Inc. (Plaintiff and Defendant are collectively referred to hereinafter as the "Parties"), through their undersigned counsel, request the Court to an Order approving the Parties' Settlement Agreement and General Releases and dismissing this action with prejudice. In support thereof, the Parties state as follows:

1. On October 23, 2025, Plaintiff filed this case against Defendant, alleging that it failed to pay her the overtime wages she earned, in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. (the "FLSA"). [ECF No. 1]. Defendant denies Plaintiff's allegations and avers that it has paid Plaintiff all regular and overtime wages owed.

2. After considerable discussion, analysis, and negotiation, including the exchange and analysis of the relevant time and pay records, the Parties have reached a settlement of their dispute due to the disputed issues of fact and law and the inherent uncertainty and risks in proceeding with this litigation.

3. Plaintiff entered into a settlement agreement (the "Settlement Agreement") with Defendant to formalize the resolution of her wage dispute without compromising her claim at all.

4. Although the Settlement Agreement in no way constitutes an admission of liability by either party, the consideration paid pursuant to her constitutes a mutually agreeable resolution of her claims.

5. The Parties agree that the settlement is fair, reasonable, and equitable to all Parties involved in this litigation.

6. The Parties represent that in accordance with the terms of the respective Settlement Agreement, the settlement with Plaintiff represents payment in full for all overtime wages claimed, and an equal amount of liquidated damages, such that Plaintiff has not compromised her claim.

7. The Parties further acknowledge and agree that the attorneys' fees being paid to Plaintiff's counsel under the terms of the Settlement Agreement are fair and reasonable in light of the efforts advanced on Plaintiff's behalf, and represents a compromise of the attorneys' fees actually incurred by Plaintiff.

8. The Parties respectfully ask that this Court review the Settlement Agreement entered into between the Parties in-camera, approve them as fair and reasonable, and enter the proposed Agreed Order of Dismissal With Prejudice and Approving Settlement, attached hereto as **Exhibit "1,"** which conditions dismissal upon the Court's retention of jurisdiction for 45 days to enforce the Parties' Settlement Agreement.

## **ARGUMENT AND CITATION OF AUTHORITY**

The two circumstances in which FLSA claims may be compromised are: (i) when supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); and (ii) when a court reviews and approves settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). If a settlement in an employee's FLSA suit reflects a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id*. at 1353. There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources").

The Eleventh Circuit has explained the circumstances that justify Court approval of an FLSA settlement in a litigation context as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues then a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

In approving FLSA settlements, federal district courts have considered factors generally used in approving the settlement of Rule 23 class actions, including the following (among others): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the

merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (*citing Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Murchison*, 13 F.3d at 1486.

In this case, the Parties respectfully request judicial approval of the Settlement Agreement because there is no collusion in the settlement of this action, the Plaintiff has not compromised their claims and is receiving the entirety of the overtime wages claimed, and an equal amount of liquidated damages, and a settlement of this matter will prevent expensive, protracted, and uncertain litigation. The Parties have been able to assess each of their respective positions, as well as each other's, and have each decided that it is in their respective best interest to resolve this matter by settlement rather than by trial.

WHEREFORE, based upon the foregoing, the Parties respectfully request this Court grant this Motion, review the Settlement Agreement in-camera and determine the Settlement Agreement are fair and reasonable, approve and affirm the Settlement Agreement, dismiss all claims in this action with prejudice upon condition that the Court retain jurisdiction for 45 days to enforce the Settlement Agreement, and grant such other and further relief this Court deems just and proper.

Respectfully submitted this 20th day of February 2026.

| | |
|---|---|
| s/Brian H. Pollock, Esq. | s/Christopher P. Hammon, Esq. |
| Brian H. Pollock, Esq. | Christopher P. Hammon, Esq. |
| Fla. Bar No.: 174742 | Fla. Bar No.: 176753 |
| brian@fairlawattorney.com | chris.hammon@ogletree.com |
| FAIRLAW FIRM | Ogletree Deakins |
| 135 San Lorenzo Avenue | 9130 S Dadeland Blvd. |
| Suite 770 | Suite 1625 |
| Coral Gables, FL 33146 | Miami, FL 33156 |
| Tel:   305.230.4884 | (305) 455-3711 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |